The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on July 31, 2015, which may be different from its entry on the record.

**IT IS SO ORDERED.**

**Dated: July 31, 2015**



ARTHUR I. HARRIS
UNITED STATES BANKRUPTCY JUDGE

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| In re: ) | Chapter 7 Proceedings |
| ) | |
| JENNIFER L. McGREGOR, ) | Case No. 14-15551 |
|     Debtor. ) | |
| _____ ) | |
| ) | Judge Arthur I. Harris |
| DANIEL M. McDERMOTT, ) | |
| UNITED STATES TRUSTEE, ) | Adversary Proceeding |
|     Plaintiff, ) | No. 15-1019 |
| ) | |
| v. ) | |
| ) | |
| JENNIFER L. McGREGOR, ) | |
|     Defendant. ) | |
| ) | |

## MEMORANDUM OF OPINION[1]

On January 22, 2015, the United States Trustee ("U.S. Trustee") initiated this adversary proceeding seeking denial of the debtor's discharge. The U.S. Trustee alleges that Jennifer L. McGregor ("the debtor") did not disclose the total

---

[1] This Memorandum of Opinion is not intended for official publication.

amount of cash on hand at the time of her Chapter 7 filing and made a false oath by signing her petition and schedules, which allegedly did not contain assets that she should have disclosed. For the reasons that follow, the U.S. Trustee's unopposed motion for summary judgment is granted, and the debtor's discharge is denied.

JURISDICTION

An action to determine the dischargeability of a debt is a core proceeding under 28 U.S.C. § 157(b)(2)(I). This Court has jurisdiction over core proceedings under 28 U.S.C. §§ 157(a) and 1334 and Local General Rule 2012-7, entered on April 4, 2012, by the United States District Court for the Northern District of Ohio.

FACTUAL AND PROCEDURAL HISTORY

On August 27, 2014, the debtor filed her current Chapter 7 bankruptcy petition. On January 22, 2015, the U.S. Trustee filed this adversary proceeding seeking a denial of discharge under 11 U.S.C. §§ 727(a)(2) and (a)(4)(A). The *pro se* debtor filed her answer on February 18, 2015. On March 12, 2015, the U.S. Trustee filed and served requests for admissions, interrogatories, and production of documents, to which the debtor did not respond. On May 21, 2015, the U.S. Trustee moved for summary judgment. The debtor has not responded, and the

2

15-01019-aih    Doc 15    FILED 07/31/15    ENTERED 07/31/15 11:27:32    Page 2 of 8

Court is ready to rule.

## SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56, made applicable to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 7056, provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party moving the court for summary judgment bears the burden of showing that "there is no genuine issue as to any material fact and that [the moving party] is entitled to judgment as a matter of law." *Jones v. Union County*, 296 F.3d 417, 423 (6th Cir. 2002). *See generally Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Once the moving party meets that burden, the nonmoving party "must identify specific facts supported by affidavits, or by depositions, answers to interrogatories, and admissions on file that show there is a genuine issue for trial." *Hall v. Tollett*, 128 F.3d 418, 422 (6th Cir. 1997). *See, e.g.*, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986) ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."). "A genuine issue of material fact exists if the evidence is such that a reasonable jury could

3

return a verdict for the nonmoving party." *Yeschick v. Mineta*, 675 F.3d 622, 632 (6th Cir. 2012) (citation and internal quotation marks omitted). "A court reviewing a motion for summary judgment cannot weigh the evidence or make credibility determinations." *Ohio Citizen Action v. City of Englewood*, 671 F.3d 564, 569 (6th Cir. 2012) (citation omitted). "Instead, the evidence must be viewed, and all reasonable inferences drawn, in the light most favorable to the non-moving party." *Id.* at 570.

## DISCUSSION

### *A. Denial of Discharge Under 11 U.S.C. §§ 727(a)(2) & (a)(4)(A)*

11 U.S.C. § 727(a) provides:

> (a) The court shall grant the debtor a discharge, unless—
> . . . .
> (2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—
> (A) property of the debtor, within one year before the date of the filing of the petition; or
> (B) property of the estate, after the date of the filing of the petition;

In order to prevail on a claim under § 727(a)(2)(A) the plaintiff must establish "1) a disposition of property, such as concealment, and 2) 'a subjective intent on the debtor's part to hinder, delay or defraud a creditor through the act

4

disposing of the property.' " *Smith v. Keeney* (*In re Keeney*), 227 F.3d 679, 683 (6th Cir. 2000), *quoting Hughes v. Lawson* (*In re Lawson*), 122 F.3d 1237, 1240 (9th Cir. 1997). Fraudulent intent may be established by circumstantial evidence, or by inferences drawn from the debtor's conduct. *See Keeney,* 227 F.3d at 684; *Barclays/Am. Bus. Credit, Inc. v. Adams* (*In re Adams*), 31 F.3d 389 (6th Cir. 1994).

> In addition, 11 U.S.C. § 727(a)(4)(A) provides:
>
> (a) The court shall grant the debtor a discharge, unless—
> . . . .
> (4) the debtor knowingly and fraudulently, in or in connection with the case—
> (A) made a false oath or account;

A section 727(a)(4)(A) denial of discharge for making a false oath or account requires proof that "1) the debtor made a statement under oath; 2) the statement was false; 3) the debtor knew the statement was false; 4) the debtor made the statement with fraudulent intent; and 5) the statement related materially to the bankruptcy case." *In re Keeney*, 227 F.3d at 683 (citation omitted).

### B. Federal Rule of Civil Procedure 36

Federal Rule of Civil Procedure 36, applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7036, governs requests for admissions and provides in pertinent part:

5

**(a) Scope and Procedure.**
  **(1) Scope.** A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to:
    **(A)** facts, the application of law to fact, or opinions about either; and
    **(B)** the genuineness of any described documents.
    . . . .
  **(3) Time to Respond; Effect of Not Responding.** A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection address to the matter and signed by the party or its attorney. A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court.
    . . . .
  **(b) Effect of an Admission; Withdrawing or Amending It.** A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended.

Fed. R. Civ. P. 36. "Rule 36 allows litigants to request admissions as to a broad range of matters, including ultimate facts, as well as applications of law to fact." *In re Carney*, 258 F.3d 415, 419 (5th Cir. 2001).

On March 12, 2015, the U.S. Trustee properly served the debtor with requests for admissions, interrogatories, and production of documents, to which the debtor did not respond. The debtor's failure to respond within 30 days after being served constitutes an admission to all matters properly asserted in the U.S. Trustee's requests for admissions. *See* Fed. R. Civ. P. 36(a)(3). Because the

6

debtor never filed a motion to withdraw or amend the admissions, all matter deemed admitted are conclusively established. *See* Fed. R. Civ. P. 36(b).

Among the matters deemed admitted by the debtor are the following: (1) the debtor provided the information contained in her Chapter 7 petition in Case No. 14-15551; (2) the debtor signed her bankruptcy petition, schedules, and statement of financial affairs accompanying her Chapter 7 petition; (3) the debtor listed cash on hand of $40.00 on *Schedule B – Personal Property*; (4) the debtor listed a Huntington checking account (xxxx3671) with a value of $102.71 on *Schedule B – Personal Property*; (5) the debtor received a 2013 tax refund in the amount of $7,865 in February 2014; (6) the debtor had in excess of $2,300 cash on hand on the date of filing her bankruptcy petition; (7) the debtor withdrew $2,300 from her Huntington bank account on the date she filed her bankruptcy petition, securing a bank receipt reflecting an account balance of $102.71; (8) on the date she filed her bankruptcy petition, the debtor withdrew $2,300 from her Huntington Bank account and deposited the $2,300 back into the same account on the same date; (9) the debtor withdrew the $2,300 from her bank account so that she could generate a bank record showing a lower amount of funds in her bank account on the date of her bankruptcy filing; (10) the debtor's bank transactions on the date of her bankruptcy filing were part of her effort to keep $2,300 from her bankrutpcy

proceeding so that she would have funds to move during her eviction; and

(11) under the debtor's knowledge, direction, and approval, her former attorney David Benson entered into an Agreed Order Granting Trustee's Amended Motion for Order Directing Debtor(s) to Turn Over Property of the Bankruptcy Estate (Docket No. 34), in which the debtor agreed that she had cash on hand on her bankruptcy filing date in the amount of $2,340, funds on deposit in the amount of $102.71, and in which she agreed to turn over to the trustee $767.71.

After reviewing the evidence in a light most favorable to the defendant, the Court finds no genuine issue of material fact as to the debtor's concealment of assets under 11 U.S.C. § 727(a)(2) and the debtor's false oath in signing her bankruptcy petition and schedules under 11 U.S.C. § 727(a)(4)(A). Accordingly, judgment in favor of the U.S. Trustee is warranted as a matter of law.

## CONCLUSION

For the reasons stated above, the Court grants the U.S. Trustee's motion for summary judgment and denies the debtor's discharge in Case No. 14-15551.

IT IS SO ORDERED.